UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HIGHWAY SALES, INC., and DONALD OREN, | Case No. 05-CV-1652 (PJS/JJG) |
| Plaintiffs, | |
| v. | ORDER ON MOTIONS IN LIMINE AND MOTION FOR PROTECTIVE ORDER |
| BLUE BIRD CORPORATION and THERMO LEASING CORPORATION, doing business as Shorewood RV Center, | |
| Defendants. | |

This matter is before the Court on various pretrial motions. The Court's reasoning for its ruling on each of those motions was, in large part, stated on the record at the pretrial hearing conducted on July 10, 2009, and can be found in the transcript of that hearing. For the reasons stated at the pretrial hearing and described below, and based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendants' motion for a protective order [Docket No. 171] is GRANTED and Plaintiffs' subpoena of Harvey Mitchell is QUASHED.

2.    Defendants' motion in limine to exclude testimony from plaintiffs' expert witness Donn N. Peterson [Docket No. 142] is GRANTED IN PART and DENIED IN PART. Peterson will not be allowed to express expert opinions or provide any other testimony, except that Peterson will be allowed to describe the content of the warranty records that he reviewed.

3.    Defendants' motion in limine to exclude evidence and testimony about valuation [Docket No. 143] is DENIED. Plaintiffs will be permitted to introduce evidence from non-expert witnesses about the market value of the motor coach as delivered in July 2003. Even under Georgia law, "an owner of property can be qualified to

state an opinion as to value." *Monroe v. Hyundai Motor Am., Inc.*, 606 S.E.2d 894, 896 (Ga. Ct. App. 2004). Defendants will be able to challenge the sufficiency of the plaintiffs' evidence about valuation in a motion for judgment as a matter of law if they so choose.

4.     Defendants' motion in limine to exclude evidence and testimony regarding other warranty records [Docket No. 144] is GRANTED IN PART and DENIED IN PART as follows:

   a.     Plaintiffs will be permitted to introduce evidence of warranty work related to problems with the electrical systems, wiring, or batteries of other Wanderlodge M380s.

   b.     Plaintiffs will not be permitted to introduce evidence of warranty work related to other types of problems.

5.     Defendants' motion in limine to exclude references to recalls, lawsuits, repairs, or other problems with Blue Bird motor coaches [Docket No. 145] is GRANTED IN PART and DENIED IN PART as follows:.

   a.     Plaintiffs will be permitted to introduce the April 2004 "News from the Nest" newsletter.

   b.     Plaintiffs will be permitted to introduce evidence related to recalls of the Wanderlodge M380.

   c.     Plaintiffs will not be permitted to introduce evidence related to other lawsuits involving the Wanderlodge M380.

Dated: July 10, 2009                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge

-2-